### MILLS NOVELTY CO. v. PECK.

(Circuit Court of Appeals, Third Circuit. January 30, 1908.)

#### No. 51.

1. TRIAL—INSTRUCTIONS—REFUSAL OF REQUEST.

The refusal of the court to give a requested instruction is not error where it is covered in substance in the charge given.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 651–659.]

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

The sustaining of an objection to a question asked a witness as not proper cross-examination was not prejudicial error where the party asking the question subsequently placed the witness on the stand as its own, but did not ask such question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4187–4193.]

In Error to the Circuit Court of the United States for the District of New Jersey.

Hartshorne, Insley & Leake, for plaintiff in error.

Robert B. Honeyman, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the defendant in error, Edward M. Peck, recovered a verdict against the Mills Novelty Company, the plaintiff in error and defendant below. The recovery was for money paid in advance to the Mills Company by the Standard Trading Company (the latter having later assigned to Peck) on a contract by the former company to manufacture and deliver certain gum vending slot machines to the latter company. As the case was tried, the points in dispute (we quote plaintiff in error's brief) were:

"(1) Whether the sale was by sample. Defendant affirmed that it was. Plaintiff denied it. (2) Whether the contract of sale included a guarantee that the goods would be satisfactory to the buyers. Plaintiff affirmed, defendant

denied, that there was such a guarantee. (3) Whether (if there was such a guarantee) the goods were rejected by vendees in good faith because they were dissatisfied with them. Defendant insisted that the alleged dissatisfaction was feigned—was a mere pretext; and that the real reason for rejecting the goods was that vendees were unsuccessful in business; wished to give it up and to escape from their contract."

These issues were submitted to the jury in a charge, of which no complaint is made, and were found in favor of Beck. It is contended, however, error was committed in the court's omission to answer a point submitted by the Mills Company, which read:

"Even if the defendant agreed to make the machines satisfactory to the buyers or to make a perfect machine for the buyers, this would not entitle the buyers to refuse to accept the machines from caprice or upon a mere pretext."

If the case really involved a denial of such point, the plaintiff in error might complain, but the charge shows the trial judge, in substantial form, adopted the principle of this point in affirming a companion one, that:

"If the jury believe that the machines were made according to the sample and according to the contract, and that the buyers refused to accept them, not because the machines were unsatisfactory, but because the buyers wished to escape from their contract, then the verdict should be for the defendant."

The point thus affirmed covered what, as we have seen above, was the third matter in dispute. Under this submission counsel had a right, and presumably availed themselves thereof, to endeavor to convince the jury that the objection by the Standard Company was not bona fide dissatisfaction, but a mere pretext. Having already charged the jury that the Mills Company was entitled to a verdict if they found the objection "was not because the machines were unsatisfactory, but because the buyers wished to escape from their contract," it was a needless repetition for the court to affirm and read the unanswered point that the same result would follow if the refusal was based on "a caprice, or upon a mere pretext."

As to the refusal of the court to permit the witness Gittleman, on cross-examination, to answer the question whether "It is possible to make a machine which cannot be robbed by an expert," we agree with the trial judge the question was not cross-examination with respect to the testimony in chief. Moreover, when Gittleman was called by the plaintiff in error as its witness, it neither asked or proposed to ask him for the information it had erroneously sought to elicit from him on cross-examination.

Neither of the assignments disclosing error, the writ is dismissed, and the judgment below affirmed.